UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Webster,

    Plaintiff,

v.                                        Case No.: 2:21-cv-11988

David Vigor, M.D., *et al.*,          Honorable Sean F. Cox

    Defendants.

_____/

**ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND SUMMARILY DISMISSING ACTION**

    Plaintiff filed this *pro se* action on August 16, 2021, asserting subject matter jurisdiction through federal question jurisdiction pursuant to 28 U.S.C. §1331. (ECF No. 1). On the same day, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2).

    Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed *in forma pauperis*, this Court GRANTS that application.

    Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(2)(b) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

In the short-form complaint, Plaintiff listed the following as the basis for federal question jurisdiction: "362 personal injury, medical malpractice, constitutional tort, 950 constitutionality of Mich PA 252 440 550 555 8th Amendment - Disgeused Punishments, unusual humiliation" (ECF No. 1, at PageID 4). In the nature of suit section, Plaintiff only checked the "personal injury - medical malpractice" box. (ECF No. 1, at PageID 33). To state his claim, Plaintiff attached sixteen nearly illegible handwritten pages to the short form complaint "analyzing 2 reports by Defendant Vigor and 5 reports by Defendant Emani." (ECF No. 1, PageID 6).

Upon reviewing Plaintiff's Complaint, the Court was not convinced that Plaintiff had established subject-matter jurisdiction. On September 2, 2021, the Court ordered: "Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, on or before **September 28, 2021**, why this case should not be dismissed for lack of subject matter jurisdiction. Specifically, Plaintiff must identify how his claims are founded upon federal law pursuant to 28 U.S.C. §1331." (ECF No. 7).

Plaintiff responded on September 20, 2021. (ECF No. 14) From this handwritten response and the attached exhibits, the Court gathers that Plaintiff is trying to allege an Eighth Amendment violation by challenging the conclusions of psychiatric evaluations that were performed after he violated his parole.

Although this Court is mindful that *pro se* complaints must be liberally construed, the Court concludes that even when so construed, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8 (a). While this standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the defendant unlawfully-harmed me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has held that in order to state a claim for medical mistreatment under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "To prove this type of claim under 42 U.S.C. § 1983, a prisoner must show both that a defendant acted under color of state law and that the defendant was deliberately indifferent to the prisoner's serious medical needs. *Phillips v. Tangilag*, – F.4th –, 2021 WL 4237164 *4 (6th Cir. Sept. 17, 2021).

First, Plaintiff has alleged no facts which indicate that either Defendant is a "state actor" subject to suit under § 1983. "Private parties do not automatically become state actors simply by caring for prisoners." *Phillips*, 2021 WL 4247164 *4.

Second, even assuming that Defendants are state actors, Plaintiff fails to allege facts demonstrating that either Defendant was "deliberately indifferent" to his medical needs. From what the Court can discern from his handwritten Complaint, Plaintiff merely disagrees with the conclusions the Defendants made in their psychiatric evaluations. Plaintiff does not allege that either Defendant harmed or punished him or that either Defendant was deliberately indifferent to his medical needs.

Therefore, even with a liberal reading of the allegations in Plaintiff's Complaint, the Court is unable to discern any cognizable claim against Defendants. Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

      **IT IS SO ORDERED**.

                                                    s/Sean F. Cox  
                                                    Sean F. Cox  
                                                    United States District Judge

Dated:  October 7, 2021